(April 30, 2001)

■ ELLEN BAVAL-BARBIERO et al., Plaintiffs, v BEACON BROADWAY COMPANY, L. L. C., et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. ARDEE PRODUCTIONS, LTD., et al., Third-Party Defendants-Respondents. [724 NYS2d 317] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal (1) from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 21, 2000, as denied that branch of their motion which was for summary judgment on their cause of action for contractual indemnification against the third-party defendants, and (2), as limited by their brief, from so much of an order of the same court, entered June 6, 2000, as, upon the granting of the third-party defendants' motion for reargument, denied that branch of their prior motion which was for summary judgment against the third-party defendant Ardee Productions, Ltd., on their cause of action to recover damages for breach of the obligation of Ardee Productions, Ltd., to procure insurance and granted those branches of the third-party defendants' cross motion which were for summary judgment dismissing the cause of action in the third-party complaint to recover damages for breach of the obligation to procure insurance, and to dismiss the third-party complaint unless the third-party plaintiffs provided a bill of particulars and certain discovery.

Ordered that the order dated January 21, 2000, is affirmed insofar as appealed from; it is further,

Ordered that the order entered June 6, 2000, is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the third-party defendants which was for summary judgment dismissing the cause of action to recover damages for breach of their obligation to procure insurance and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendants third-party plaintiffs are awarded one bill of costs.

There are issues of fact precluding the grant of summary judgment on the cause of action for contractual indemnification, as there has not yet been a finding as to whether the defendants third-party plaintiffs are solely liable for the plaintiffs' injuries (see, General Obligations Law § 5-326; see generally, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786). In addition, there are issues of fact concerning

whether the third-party defendant Ardee Productions, Ltd., breached its duty to procure insurance coverage for the defendants third-party plaintiffs by not naming Beacon Theater Partners as a co-insured (*see, Williams v 461 Eighth Ave. Assocs.,* 277 AD2d 181). Therefore, summary judgment cannot be awarded (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). O'Brien, J. P., Altman, McGinity and H. Miller, JJ., concur.